**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT**

| | |
|---|---|
| JENNIFER JONES, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No. 2:20-CV-1062** |
| | ) |
| MIKE LAWRENCE; OTRA VEZ, LLC; | ) |
| LAKEWOOD ESTATES MHP; et al., | ) |
| | ) |
|     **Defendants.** | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT MIKE LAWRENCE**

Defendant, Mike Lawrence ("Lawrence"), by and through his attorneys, and in response to Plaintiff's Complaint, offers the following Answer and Affirmative Defenses:

**PARTIES, JURISDICTION, AND VENUE**

1. Answering paragraph 1 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

2. Lawrence admits that he is a resident of the state of Georgia but denies that he does business in Montgomery County, Alabama and strict proof of the same is demanded at trial.

3. Answering paragraph 3 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

4. Answering paragraph 4 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

5.     Lawrence admits that the property that is the basis of the Complaint is located at 312 Quail Lane, in the city of Montgomery and within Montgomery County, Alabama.

## STATEMENT OF FACTS

6.     Lawrence adopts and incorporates all prior responses.

7.     Answering paragraph 7 of the Complaint, Lawrence contends that on or about, January 26, 2015, Plaintiff signed a lot lease agreement with an entity owned by Lawrence that is not a party to this suit.  On or about January 29, 2015, the entire mobile home park including its tenant leases was sold to Otra Vez, LLC.

8.     Answering paragraph 8 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

9.     Answering paragraph 9 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

10.     Answering paragraph 10 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

11.     Answering paragraph 11 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

12.     Answering paragraph 12 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

13.     Answering paragraph 13 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

14.     Answering paragraph 14 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

15.     Answering paragraph 15 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

## COUNT ONE: MALICIOUS PROSECUTION

16.     Lawrence adopts and incorporates all prior responses.

17.     Answering paragraph 17 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required.  To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

18.     OMITTED FROM COMPLAINT.

19.     Answering paragraph 19 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required.  To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

20.     Answering paragraph 20 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required.  To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

21. Answering paragraph 21 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

22. Answering paragraph 22 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

23. Answering paragraph 23 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

24. Answering paragraph 24 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required.  To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

25. Answering paragraph 25 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

26. Answering paragraph 26 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

27. Answering paragraph 27 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

28. Answering paragraph 28 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

29. Answering paragraph 29 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required. To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

30. Answering paragraph 30 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

31. Answering paragraph 31 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

32. Answering paragraph 32 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

33. Answering paragraph 33 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

34. Answering paragraph 34 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

35. Answering paragraph 35 of the Complaint, Lawrence is without knowledge and/or

information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

36. Answering paragraph 36 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

37. Answering paragraph 37 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

38. Answering paragraph 38 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

39. Answering paragraph 39 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

Lawrence denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph after paragraph 39.

### COUNT TWO: ABUSE OF PROCESS

40. Lawrence adopts and incorporates all prior responses.

41. Answering paragraph 41 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required. To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

42.     Answering paragraph 42 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required. To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

43.     Answering paragraph 43 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required. To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

44.     Answering paragraph 44 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required. To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

45.     Answering paragraph 45 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

46.     Answering paragraph 46 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

47.     Answering paragraph 47 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required. To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

48.     Answering paragraph 48 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

49.    Answering paragraph 49 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

Lawrence denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph after paragraph 49.

### COUNT THREE: CONVERSION

50.    Lawrence adopts and incorporates all prior responses.

51.    Answering paragraph 51 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required. To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

52.    Answering paragraph 52 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

53.    Answering paragraph 53 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

Lawrence denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph after paragraph 53.

### COUNT FOUR: FRAUDULENT MISREPRESENTATION

54.    Lawrence adopts and incorporates all prior responses.

55.    Answering paragraph 55 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required. To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

56. Answering paragraph 56 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

57. Answering paragraph 57 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

58. Answering paragraph 58 of the Complaint, Lawrence is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; therefore, they are deemed denied and strict proof of the same is demanded at trial.

Lawrence denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph after paragraph 58.

## COUNT FIVE: NEGLIGENT EMPLOYMENT

59. Lawrence adopts and incorporates all prior responses.

60. Answering paragraph 60 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required. To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

61. Answering paragraph 61 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

62. Answering paragraph 62 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

Lawrence denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph after paragraph 62.

## COUNT SIX: RESPONDEAT SUPERIOR

63.     Lawrence adopts and incorporates all prior responses.

64.     Answering paragraph 64 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

65.     Answering paragraph 65 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

66.     Answering paragraph 66 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

Lawrence denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph after paragraph 66.

### COUNT SEVEN: NEGLIGENCE AND WANTONNESS

67.     Lawrence adopts and incorporates all prior responses.

68.     Answering paragraph 68 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required. To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

69.     Answering paragraph 69 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

70.     Answering paragraph 70 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

71.     Answering paragraph 71 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

72.     Answering paragraph 72 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

73. Answering paragraph 73 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

Lawrence denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph after paragraph 73.

## COUNT EIGHT: TRESPASS

74. Lawrence adopts and incorporates all prior paragraphs.

75. Answering paragraph 75 of the Complaint, this paragraph attempts to state a legal conclusion and therefore no response is required. To the extent the allegations of this paragraph are a misstatement or misinterpretation of the law they are denied.

76. Answering paragraph 76 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

77. Answering paragraph 77 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

78. Answering paragraph 78 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

79. Answering paragraph 79 of the Complaint, Lawrence denies the allegations and strict proof of the same is demanded at trial.

Lawrence denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph after paragraph 79.

## GENERAL DENIAL

Lawrence denies each and every allegation in the Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

1.      Plaintiff may have failed to mitigate their damages, if any, in the manner and to the extent required by law, and Plaintiff's damages, if any, must be reduced accordingly.

## SECOND DEFENSE

2.      Lawrence is the mortgage holder for the property. As a result, Lawrence owes no duty to the Plaintiff.

## THIRD DEFENSE

3.      Lawrence avers that any award of punitive damages to the Plaintiff in this case would violate the rights guaranteed by the Constitution of the United States of America to impose punitive damages against Lawrence which are penal in nature by requiring a burden of proof on the Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## FOURTH DEFENSE

4.      Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following separate and several grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

12

(c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## FIFTH DEFENSE

5.    The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## SIXTH DEFENSE

6.    Lawrence pleads the presence of probable cause.

## SEVENTH DEFENSE

7.    Lawrence pleads res judicata, collateral estoppel, judicial estoppel, and all other forms of preclusion.

## EIGHTH DEFENSE

8.    Lawrence pleads waiver, release, and laches.

## NINTH DEFENSE

9.     Lawrence pleads that Plaintiff has failed to state a claim for which relief can be granted.

## TENTH DEFENSE

10.     Lawrence pleads the doctrine of unclean hands.

## ELEVENTH DEFENSE

11.     Lawrence avers all of the terms and conditions of that certain Purchase and Sale Agreement between Lawrence, Lakewood Estates MHP, and Otra Vez, LLC dated on or about January 29, 2015.

## RESERVATION OF DEFENSES

Lawrence expressly preserves and does not knowingly or intentionally waive any of the affirmative defenses set forth in Federal Rules of Civil Procedure or available by statute, which discovery may reveal to be applicable, or any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Lawrence prays for judgment as follows:

1.     That Plaintiff take nothing by virtue of this action and that the same be dismissed with prejudice;

2.     That Lawrence recover its costs incurred in this matter; and

3.     That Lawrence receives all other relief that this Court deems to be just and appropriate.

Respectfully submitted,

/s/ Katie ED

J. EVANS BAILEY (ASB-9995-J61B)
KATIE E. DAVIS (ASB-1664-E61E)
Attorneys for Defendants

14

OF COUNSEL:
RUSHTON, STAKELY,
    JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101-0270
(334) 206-3100 - Office
(334) 262-6277 - Facsimile
ebailey@rushtonstakely.com
kd@rushtonstakely.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John H. Henderson
Justiss & Henderson
4031 U.S. Highway 231
Wetumpka, AL 36093
john@JH-Legal.com

/s/ _____
OF COUNSEL

15