IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

DEC 2 2 2020

| | | |
|---|---|---|
| **JENNIFER JONES,** | ) | |
| | ) | CLERK |
| **Plaintiff,** | ) | U.S. DISTRICT COURT |
| | ) | MIDDLE DIST. OF ALA. |
| **v.** | ) | **Case No.** 2:20-cv-1062 |
| | ) | |
| **MIKE LAWRENCE; OTRA VEZ, LLC;** | ) | **Removed from the Circuit Court of** |
| **LAKEWOOD ESTATES MHP; et al.,** | ) | **Montgomery County, CV-2020-901391** |
| | ) | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | ) | |

<u>**NOTICE OF REMOVAL**</u>

Defendants, Mike Lawrence ("Lawrence"), Otra Vez, LLC ("Otra Vez"), and Lakewood

Estates MHP ("Lakewood") (hereinafter collectively referred to as "Defendants"), pursuant to 28

U.S.C. §§ 1332, 1441(a) and (b), and 1446, give notice of their removal of this action from the

Circuit Court of Montgomery County, Alabama, where it is now pending, to the United States

District Court for the Middle District of Alabama, Northern District. As addressed below, diversity

jurisdiction exists in this action. *See* 28 U.S.C. § 1332(a). Defendants state the following in support

for this removal:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

1.     Plaintiff Jennifer Jones initiated this action on November 16, 2020 by filing a

Complaint against Defendants and other fictitiously named defendants in the Circuit Court of

Montgomery County, Alabama. *See* Complaint attached as **Exhibit A**. On November 23, 2020,

Orta Vez was served with the Summons and Complaint. Lawrence was served on November 25,

2020. Lakewood has not been served. The state court action is Civil Action No. CV-2020-901391.

The Circuit Court of Montgomery County is a state court within the Northern District.

2.    This lawsuit arises out of Plaintiff's lawful eviction for unpaid rent. *See Lakewood Estates MHP v. Jennifer Jones*, In the District Court of Montgomery County; 2019-DV-903666.

3.    In her Complaint, Plaintiff claims she was wrongfully evicted from her home. *See* Exhibit A. Plaintiff alleges that the Defendants' wrongful conduct in executing the eviction caused her to suffer financial loss and mental anguish. *Id.* Plaintiff is seeking an unspecified amount of punitive damages. *Id.*

## II.    GROUNDS FOR REMOVAL

4.    This action is properly removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). There is complete diversity of citizenship among the Plaintiff and Defendants. The amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    There is Complete Diversity of Citizenship Between the Parties.

5.    Plaintiff is a resident of Montgomery County, Alabama. *See* Ex. A, ¶1.

6.    Lawrence is a resident citizen of Georgia. *Id.* at ¶ 2.

7.    Otra Vez is a limited liability corporation with its principal place of business in the State of Nevada. *Id.* at ¶ 3. Otra Vez's only member is John Ray, who is a resident citizen of Nevada.

8.    Lakewood is simply the tradename of Otra Vez, and thus, it is a citizen of Nevada. *Id.* at ¶ 4.

### B.    The Amount in Controversy Exceeds $75,000.

9.    Here, the jurisdictional amount in controversy is satisfied because, although Plaintiff's Complaint fails to allege a specific claim for damages, Plaintiff will clearly seek an amount of damages that will exceed $75,000 exclusive of interest and costs. *See Williams v. Best*

*Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).  A removing party's burden where a plaintiff has asked for an unspecified amount of damages is only to show that "the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

10.     If the amount in controversy is not apparent from the complaint in an action removed from state court, the Court must examine the notice of removal and any evidence submitted by the parties relevant to the amount in controversy, including settlement demands. *See Bankhead v. American Suzuki Motor Corp.*, 529 F.Supp.2d 1329, 1333 (M.D. Ala. 2008) (holding that settlement demands can be used to determine the amount in controversy under § 1446(b) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007)). Settlement demands that provide specific information to support the plaintiff's claims for damages suggest that the plaintiff has fully assessed his claims and, thus, are entitled to more weight. *See Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279 (S.D. Ala. 2009).

11.     Here, Plaintiff submitted a $250,000 settlement demand on September 2, 2020 to Defendants using Alabama caselaw to support her position and claim for damages. *See* **Exhibit B**. On September 29, 2020, Plaintiff's counsel stated that he believed Plaintiff had $80,000 in "actual damages" based on the depreciated value of the subject mobile home and its contents: "I have asked for roughly three times this based on the punitive nature of the situation to settle this, but I truly believe I could get substantially more from a jury." *See* **Exhibit C**.

12.     Furthermore, when determining the amount of controversy, punitive damages must be considered. *Blackwell v. Great American Financial Resources, Inc.*, 620 F. Supp. 2d 1289 (N.D. Ala. 2009). Plaintiff has clearly requested recovery in the form of punitive damages. *See* Exhibit

3

A. Punitive damages are recoverable up to the constitutional limits of such damages, and these damages must be considered because the Plaintiff may be awarded these damages. *Wilson v. Central United Life Insurance Co.*, 2009 WL 10703520, at *5 (N.D. Ala. 2009).

**C.     The Other Prerequisites for Removal Have Been Satisfied.**

13.     In addition to satisfying the requirements of diversity jurisdiction, Defendants have satisfied all other requirements for removal.

14.     The time within which Defendants are permitted to remove this action under 28 U.S.C. § 1446(b) has not expired as of the time of the filing and service of the notice of removal. Less than thirty (30) days have passed since the Defendants were served with the Complaint.

15.     In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action is attached hereto collectively as **Exhibit D**.

16.     Removal to this District Court is proper under 28 U.S.C. § 81 (a)(2) because this district embraces the Circuit Court of Montgomery County, Alabama, the forum in which the removed action was pending.

17.     In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice of Removal to the Plaintiff and shall file a copy of this Notice along with a Notice of Filing of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, where this action is currently pending. *See* **Exhibit E**.

WHEREFORE, Defendants pray this court will make any and all orders necessary to effect the removal of this action from the Circuit Court of Montgomery County, Alabama, and will prepare the true record of all proceedings that may have been had in the state court.

Respectfully submitted,

*Katie E. D___*

J. EVANS BAILEY (ASB-9995-J61B)
KATIE E. DAVIS (ASB-1664-E61E)
Attorneys for Defendants

OF COUNSEL:
RUSHTON, STAKELY,
   JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101-0270
(334) 206-3100 - Office
(334) 262-6277 - Facsimile
ebailey@rushtonstakely.com
kd@rushtonstakely.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John H. Henderson
Justiss & Henderson
4031 U.S. Highway 231
Wetumpka, AL 36093
john@JH-Legal.com

*Katie E. D___*

OF COUNSEL

5